UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILLIAM JOHNAKIN,

                                  Plaintiff,                 **ORDER**

         – against –
                                                                       11-CV-4807 (SLT)(LB)

NYC DEPT. OF CORRECTIONS, *et al.*,

                                  Defendants.
----------------------------------------------------------------x

**TOWNES, United States District Judge:**

        In September 2011, plaintiff William Johnakin, a former inmate of the Anna M. Kross Center ("AMKC") on Rikers Island, commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that defendants—the City of New York; its Department of Correction ("DOC"); DOC Commissioner Dora B. Schriro; DOC Inspector General, Robert Gigante; and AMKC Warden Robert A. Cripps—were deliberately indifferent to unconstitutional conditions of confinement and to Plaintiff's serious medical needs. Defendants subsequently moved to dismiss Plaintiff's complaint on the grounds that Plaintiff failed (1) to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"); (2) to state a deliberate indifference claim; (3) to allege that the individual defendants were personally involved in violations of Plaintiff's rights under the United States Constitution or federal law; and (4) to allege municipal liability.

        In a memorandum and order dated September 30, 2013 (the "Prior M&O"), this Court granted defendants' motion to dismiss the complaint, but granted plaintiff leave to amend his pleading with respect to his claim that DOC personnel were deliberately indifferent to his serious medical needs in allowing Plaintiff to be exposed to friable asbestos. *Johnakin v. NYC Dept. of Corrections*, No. 11-CV-4807 (SLT)(LB), 2013 WL 5519998 (E.D.N.Y. Sept. 30, 2013). This Court directed that the amended complaint, if any, be filed within 30 days of the date of the Prior M&O—that is, by October 30, 2013. *Id.* at *18. The Prior M&O also contained this

warning: "If Plaintiff fails to file his amended complaint within the time allowed, this Court may enter a judgment dismissing this action." *Id.*

More than a half a year has passed since this Court issued the Prior M&O, but plaintiff has yet to file an amended complaint. Accordingly, the Clerk of Court is directed to enter judgment against plaintiff and in favor of defendant and to close this case.

**SO ORDERED.**

/s/(SLT)
_____
SANDRA L. TOWNES
United States District Judge

Dated: April 17, 2014
Brooklyn, New York